UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REINALDO PRADO, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | C.A. No. 16-10587-ADB |
| | * | |
| COMMONWEALTH, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| | * | |

ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court directs the petitioner to (1) file a completed petition for a writ of habeas corpus under 28 U.S.C. § 2254; and (2) pay the $5.00 fee for filing a habeas petition or seek leave to proceed without prepayment of the fee.

**I.   BACKGROUND**

On March 14, 2016, the Clerk received a letter from Reinaldo Prado, a state prisoner who is confined at MCI Norfolk. In this letter, Prado requests that the Clerk afford him a thirty-day extension of the time period in which he may file a petition for a writ of habeas corpus. Prado represents that he had recently learned that his deadline for filing a habeas petition was March 17, 2016. He did not feel that he could meet that deadline. Lacking authority to grant such a request, the Clerk assigned the letter a docket number.

## II. DISCUSSION

### 1. Limitations Period for a Petition Under 28 U.S.C. § 2254

Congress has established a one-year period of limitation for filing a habeas petition under 28 U.S.C. § 2254 ("§ 2254"). *See* 28 U.S.C. § 2244(d). The one-year period runs from the latest of four different dates:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a "properly filed application for State post-conviction or other collateral review" is pending does not count towards the one-year period of limitation. *See* 28 U.S.C. § 2244(d)(2).

Upon review of public documents, it does appear that March 17, 2016 was one year from the date on which Prado's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). His application to the Supreme Judicial Court for further appellate review was denied on December 17, 2014. *See Commonwealth v. Prado*, 470 Mass. 1105 (2014). As "direct review" includes review by the United States Supreme Court, the time period under 28 U.S.C. § 2244(d)(1)(A) did not commence until March 17, 2015, when the ninety-day period for requesting a writ of certiorari had elapsed. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Kholi v. Wall*, 582 F.3d

147, 150-51 (1st Cir. 2009); *see also* Sup. Ct. R. 13(1) (indicating that a party has ninety days from entry of judgment to request a writ of certiorari).[1]

If (1) the date on which Prado's conviction because final is the latest of the four dates set forth in 28 U.S.C. § 2244(d)(1); *and* (2) he did not "properly file[] [an] application for State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), prior to March 17, 2016, Prado has missed the statutory one-year deadline for filing a § 2254.

A litigant who has missed a statutory deadline may find relief through the doctrine of equitable tolling. Under this doctrine, a court may "extend a statute of limitations for equitable reasons not acknowledged in the language of the statute itself." *Holmes v. Spencer*, 685 F.3d 51, 61-62 (2012). The one-year limitations period for a § 2254 petition may be tolled for equitable reasons in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). However, a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quitable tolling 'is the exception rather than the rule.'" *Riva v. Ficco*, 615 F.3d 35, 39 (1st Cir 2010) (quoting *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001)). The petitioner bears the burden of showing there is a basis for equitable tolling. *See id.*

Here, the Court has does not have sufficient information to consider whether the petitioner's circumstances merit the application of equitable tolling. Even if it appeared that equitable tolling might be appropriate, the question would not be ripe until Prado actually files a petition. Further, the Court would not make any determination on the matter without giving the respondent a chance to address the issue.

---

[1] According to the Court's search of the Supreme Court docket, Prado did not file a petition for a writ of certiorari. The docket may be searched by visiting http://www.supremecourt.gov/docket/docket.aspx (last visited April 5, 2016).

### 2. Filing of the Petition

If Prado would like to pursue relief under § 2254, he must file his petition. If he intends to invoke the doctrine of equitable tolling, it should be filed as promptly as possible. Under the Rules Governing Section 2254 Cases in the United States District Courts, a § 2254 petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c)(1)-(5) of the Rules Governing Section 2254 Cases.[2] If the respondent moves to dismiss the petition as untimely, Prado will be given an opportunity to oppose such motion.

Prado must also pay the $5.00 fee for filing a habeas petition or seek leave to proceed without prepayment of the fee (also referred to as a motion for leave to proceed *in forma pauperis*). The *in forma pauperis* motion must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases.[3]

Finally, the Court notes that the day that Prado places a habeas petition in the prison mailing system can be deemed the date of filing provided that he follows a certain protocol:

---

[2] The petition must "substantially follow" a form appended to the Rules Governing Section 2254 Cases. Rule 2(d) of the Rules Governing Section 2254 Cases. The Clerk shall provide Prado with a copy of this form.

[3] For the convenience of litigants, this Court provides a form application to seek leave to proceed *in forma pauperis*. The Clerk shall provide Prado with this form.

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(c) of the Rules Governing Section 2254 Cases.

### III.  CONCLUSION

Accordingly, if Prado wishes to pursue relief under 28 U.S.C. § 2254, he must file a petition and resolve the filing fee by paying it or seeking *in forma pauperis* status.  Prado should file the petition as soon as possible if he intends to invoke the doctrine of equitable tolling.  If the petition is not received by the Court within 42 days of the date of this order, this case will be dismissed without prejudice.

The Clerk shall provide Prado the forms to file a § 2254 and a motion for leave to proceed *in forma pauperis*

**SO ORDERED.**

April 6, 2016                                       /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    UNITED STATES DISTRICT JUDGE